ACCEPTED
03-14-00541-CR
4106716
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 11:56:26 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00541-CR

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 11:56:26 AM
JEFFREY D. KYLE
Clerk

# ROBERT TORRES,
*Appellant,*

v.

# STATE OF TEXAS,
*Appellee*

On appeal from the 299th District Court,
Travis County, Texas
Trial Cause No. D1DC-12-302414

# ROBERT TORRES' BRIEF

JAMIE SPENCER
ATTORNEY FOR ROBERT TORRES
State Bar Number 90001952
812 San Antonio St., Suite 403
Austin, Texas 78701
Telephone: (512) 472-9909
Jamie@austindefense.com

## IDENTITY OF PARTIES AND ATTORNEYS

1. Appellant:

Robert Torres

2. Appellant's Trial and Appellate Attorney:

Jamie Spencer
State Bar No. 90001952
812 San Antonio Street, Suite 403
Austin, TX 78701
(512) 472-9909
(512) 472-9908 (fax)

3. State's Trial and Appellate Attorney:

Ms. Amber Platt
State Bar No. 24046639
509 W. 11th Street, Ste. 1.100
Austin, TX 78701
(512) 854-9400
(512) 854-9695 (fax)

4. State's Appellate Attorney

Ms. Lisa C. McMinn
State Bar No. 13803300
509 W. 11th Street, Ste. 1.100
Austin, TX 78701
(512) 854-9400
(512) 854-9695 (fax)

1

## STATEMENT REGARDING ORAL ARGUMENT

This case is fully controlled by the Court of Criminal Appeals decision in *State v. Villareal*, 2014 WL 6734178 (Tex. Crim. App. 2014), which had not been decided at the time of the pretrial hearing. This case presents a pure question of law and the Appellant asks that the case be remanded to the 299th District Court for reconsideration in light of *Villareal*. Or in the alternative, as there are no questions of fact, Appellant does not ask for oral argument because the issue may be fully and fairly decided on briefs.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS............................................1

STATEMENT REGARDING ORAL ARGUMENT...............................2

TABLE OF CONTENTS...............................................................3

INDEX OF AUTHORITIES..........................................................4

ISSUE PRESENTED....................................................................7

STATEMENT OF THE CASE.......................................................5

      A. COURSE OF PROCEEDINGS AND
         DISPOSITION IN THE COURT BELOW
      B. GENERAL STATEMENT OF FACTS

SUMMARY OF ROBERT TORRES'S
ARGUMENT...............................................................................8

ARGUMENT...............................................................................9

PRAYER....................................................................................11

CERTIFICATE OF COMPLIANCE................................................12

CERTIFICATE OF SERVICE........................................................12

# INDEX OF AUTHORITIES

**Constitutional Provisions and Statutes:**
Fourth Amendment of the US Constitution.........................................8

Tex. Transportation Code Ann Chapter 724........................6, 7, 8, 9

**Cases**
State v. Villareal, 2014 WL 6734178
    (Tex. Crim. App. 2014)........................................2, 8, 10

Balentine v. State, 71 S.W.3d 763, 768
    (Tex. Crim. App. 2002).............................................9

Carmouche v. State, 10 S.W.3d 323, 327
    (Tex. Crim. App. 2000).............................................9

Missouri v McNeely, 133 S. Ct. 1552 (2013).......................10

# STATEMENT OF THE CASE

## A. Course of Proceedings and Disposition in the Court Below

Appellant was charged in a one count indictment with felony driving while intoxicated, a third degree felony. Appellant filed a motion to suppress. The trial court held an evidentiary hearing on the motion and denied the motion. Appellant then entered into a negotiated plea bargain agreement with the State and preserved his right to appeal.

## B. General Statement of Facts

This case involves a traffic stop where Appellant was arrested for driving while intoxicated. After his arrest, he was taken to the Travis County Jail, where an involuntary blood draw was performed. There are no significant factual disputes in this case. After his arrest the Appellant was read the statutory warning and asked to give a specimen of his breath or blood, which he refused. (RR vol.4, pp. 17-18) A criminal history check revealed that Appellant had two prior convictions for DWI. (RR vol. 4, p. 34) The arresting officer did not seek an application for a blood warrant in this case. (RR vol. 4, p. 23) The arresting officer was very familiar with the procedures for procuring a blood draw warrant in a DWI case. (RR vol. 4, p. 27) The officer testified that he obtained the involuntary blood draw

solely under the authority of the Transportation Code, Section 724. (RR vol. 4, pp 34-35)

## ISSUE PRESENTED

Issue One: Whether the Trial Court erred in refusing to grant the motion to suppress and in holding that the mandatory blood draw provisions of the Texas Transportation Code are a constitutionally valid alternative to the warrant requirement.

## SUMMARY OF ROBERT TORRES'S ARGUMENT

At the time of the suppression hearing the trial court did not have the benefit of the ruling in *State v. Villareal*, 2014 WL 6734178 (Tex. Crim. App. 2014). In *Villareal*, the court held that the warrantless and nonconsensual mandatory blood draw provisions of Texas Transportation Code chapter 724 do not meet any exception to the Fourth Amendment's warrant requirement. Since there was a finding of no exigent circumstances in the instant case, and no other exceptions to the warrant requirement would apply, the motion to suppress should have been granted.

# ARGUMENT

A trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard; absent an abuse of discretion, the trial court's findings will not be disturbed. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Almost total deference is given to the trial court's determination of historical facts, while a de novo review is conducted of the trial court's application of the law to those facts. See *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

The trial court ruled that there were no exigent circumstances in this case, which might have provided an alternative basis for drawing Appellant's blood without a warrant. (RR Vol. 3, p. 11) There is ample evidence in the record to support the trial court's finding of no exigent circumstances. Since the determination of "no exigent circumstances" is based on historical facts that would be reviewed only under an abuse of discretion standard.

However, a de novo review should be conducted of the trial court's application of the law regarding the mandatory blood draw provisions of Texas Transportation Code Chapter 724 and the fact that there were no exigent circumstances.

The *Villareal* case is directly on point (although – again – it was not available to the trial court at the time of the ruling). *Villarreal* follows the Supreme Court's ruling in *Missouri v McNeely*, 133 S. Ct. 1552 (2013). The *Villareal* case lists in exhaustive detail all the possible state's argument's for allowing a Chapter 724 exception to the warrant requirement, and rejects each of them in turn:

(1) The blood draw was not valid under the consent exception.

(2) It was not valid under the automobile exception.

(3) It was not valid under a special needs exception.

(4) It was not valid as a search incident to arrest.

(5) It was not reasonable under a Fourth Amendment balancing test.

Given the trial court's finding of "no exigent circumstances", the *McNeely* and *Villareal* decisions show that suppression was correct in the instant case. Absent exigent circumstances, and absent any other finding which would create a valid exception to the warrant requirement, the motion to suppress should have been granted.

## PRAYER

Robert Torres asks this Court to overturn the trial court's denial of the Motion To Suppress as it relates to the blood draw and the results of the blood draw, and to grant the defense Motion to Suppress as it relates to such.

Respectfully submitted,

Jamie Spencer
Attorney for Robert Torres
State Bar Number 90001952
812 San Antonio Street, Suite 403
Austin, Texas 78701
Telephone: (512) 472-9909
jamie@austindefense.com

## CERTIFICATE OF COMPLIANCE

Relying on Microsoft Word's word-count function, I certify that this document complies with the word-count limitations of Tex. R. App. P. 9.4. The document contains 1272 words.

_Jamie Spencer_

## CERTIFICATE OF SERVICE

I certify that I sent a complete and legible copy of this Robert Torres's Brief via U.S. postage-prepaid mail, on or before February 11, 2015 to the following attorneys of record:

Travis County District Attorney's Office
Rosemary Lehmberg, Travis County District Attorney
Lisa McMinn, Assistant District Attorney
509 W. 11th Street, Ste. 1.100
Austin, TX 78701

_Jamie Spencer_